IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFTON WILLIAMS, | : | Civil No. 1:23-CV-01005 |
| Plaintiff, | : | |
| v. | : | |
| GEORGE M. LITTLE, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 8. (Doc. 18.) For the following reasons, the motion will be denied and Defendants will be required to file a responsive pleading.

### PROCEDURAL HISTORY

Plaintiff initiated this action on June 20, 2023, by filing an emergency motion for a temporary restraining order to enjoin the Department of Corrections at the State Correctional Institution Mahanoy ("SCI-Mahanoy") from enforcing the February 24, 2022 memorandum issued by George M. Little, the former Secretary of the Pennsylvania Department of Corrections, and to allow inmates to purchase halal meat and desserts from approved outside vendors for the June 2023 Eid-ul-Adha celebration. (Doc. 1.) The court denied the motion on June 22, 2023. (Doc. 4.)

1

Plaintiff then filed a motion to proceed *in forma pauperis*, and the complaint. (Docs. 6, 8.) The court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and served the named defendants. (Doc. 8.) On September 18, 2023, prior to filing an answer, Defendants filed a motion to stay the proceedings for 90 days while they readdressed their policy set forth in the February 24, 2022 memorandum. (Doc. 14.) On September 19, 2023, the court entered an order granting the motion for stay without a response from Plaintiff. (Doc. 19.)

Upon the stay being lifted, rather than informing the court of any policy update, Defendants filed the instant motion to dismiss. In this motion and accompanying brief in support, Defendants request that the complaint be stricken from the record or dismissed because it allegedly violates Fed. R. Civ. P. 8. (Docs. 18, 19.) The court will address this motion without a response from Plaintiff due to the time-sensitive nature of the issues in the complaint and the upcoming feast of Eid-ul-Fitr in April of 2024.

## DISCUSSION

Defendants allege that Plaintiff is in violation of Fed. R. Civ. P. 8 by failing to provide numbered paragraphs. (Doc. 19.)

Here, Defendants have cited the incorrect rule in support of their motion. Rule 8(a) requires a pleading contain "a short and plain statement" of the court's jurisdiction, the claim, and the relief requested. Rule 10 requires claims to be set

forth in numbered paragraphs, "each limited as far as practical to a single set of circumstances." Despite Rule 10, the pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015).

Plaintiff's complaint is on the court's form complaint for all 28 U.S.C. § 1983 actions, is 19 pages long, and contains multiple exhibits. (Doc. 8.) While Plaintiff has attached additional pages to his form complaint, so as to provide more information, he has written clearly and has headings and subheadings clearly indicating which portion of the form he intends to supplement. (*Id*.) Considering the clarity of Plaintiff's complaint and the fact that he used the court's form, the court will not dismiss this action simply because Plaintiff failed to number his paragraphs. Therefore, Defendants' motion will be denied.

Considering this action has been stayed for 90 days at Defendants' request, the court finds that Defendants have been afforded substantial time to consider Plaintiff's allegations. Therefore, the deadline for Defendants' answer will be January 5, 2024. In setting this deadline, the court is aware of Defendants' footnote reserving the right to file a Fed. R. Civ. P. 12(b) motion to dismiss. (Doc. 19, p. 3.)[1] As set forth in Fed. R. Civ. P. 12(b) any such motion must be made

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

before the responsive pleading.  Should Defendants file any motion asserting any Fed. R. Civ. P. 12(b) defenses, a new answer deadline will be set by the court in an order addressing such motion.Conclusion

For the aforementioned reason, the court will deny Defendants' motion to dismiss the complaint.  The deadline for Defendants' answer will be January 5, 2024.

An appropriate order will follow.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: December 19, 2023