**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CLIFTON WILLIAMS, | : | Civil No. 1:23-CV-01005 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE M. LITTLE, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is Defendants' motion to partially dismiss the complaint and Plaintiff Clifton Williams' motion to file an amended complaint. (Docs. 24, 79.) For the reasons discussed below, Plaintiff's motion to amend his complaint will be denied and Defendants' motion to partially dismiss the complaint will be granted.

### PROCEDURAL HISTORY

Plaintiff initiated this action by filing an emergency motion for a temporary restraining order seeking relief from the February 24, 2022 letter issued by former Security of the Pennsylvania Department of Corrections ("DOC"), George M. Little, precluding Plaintiff and other Muslim inmates at the State Correctional Institution ("SCI-Mahanoy") from purchasing halal meats and desserts from outside vendors for the celebratory meals associated with Eid-ul-Fitr and Eid-ul-

1

Adha.  (Doc. 1.)  Due to the immediate onset of Eid-ul-Adha and the lack of service to defendants, the court denied the motion.  (Doc. 4.)

Plaintiff then filed a complaint under 42 U.S.C. § 1983 challenging the February 24, 2022 letter issued by former Security Little precluding Plaintiff and other Muslim inmates at SCI-Mahanoy from purchasing halal meats and desserts from outside vendors for the celebratory meals associated with Eid-ul-Fitr and Eid-ul-Adha.  (Docs. 8.)  The complaint named five Defendants: (1) George Little ("Little"), former Secretary of the Pennsylvania DOC; (2) Laurel Harry ("Harry"), current Secretary of the DOC; (3) Keri Moore ("Moore"), Acting DOC Chief Grievance Officer; (4) Bernadette Mason ("Mason"), Superintendent at SCI-Mahanoy; and (5) Ben Scott ("Scott"), Chaplaincy Program Director at SCI-Mahanoy.  (*Id*., pp. 2–3.)[1]  The court ordered a copy of the complaint and waiver of service forms be forwarded to Defendants.  (Doc. 10.)

Defendants responded by filing a motion to temporarily stay the proceedings while they re-examined the policy change set forth in the February 24, 2022 letter in response to litigation in the Western District of Pennsylvania in *Williams v. Little, et al*. No. 1:23-cv-0037, 2023 WL 4144567 (W.D. Pa. June 23, 2023) and three additional cases.  (Doc. 14, pp. 2–3.)  The court granted a 90-day stay, which expired on December 18, 2023.  (Docs. 15, 20.)  Following the expiration of the

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

stay, Plaintiff filed a notice detailing a November 15, 2023 Adjustment to Religious Meals Memorandum.  Plaintiff asserts that this Memorandum does not remedy the constitutional violations that arose from the February 24, 2022 letter issued by Defendant Little.  (Doc. 28.)

Defendants then filed the instant motion to partially dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 24.)  Plaintiff filed a brief in opposition on March 19, 2024.  (Doc. 39.)  Defendants have not filed a reply.

On August 13, 2024, the court received and docketed Plaintiff's motion for leave to file an amended complaint accompanied by a brief in support.  (Docs. 49, 50.)  Both motions are now ripe for consideration by the court.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Mahanoy in Schuylkill County, which is located within this district.  *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. (quoting

*Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to

survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir.

2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint

survives a motion to dismiss, a court identifies "the elements a plaintiff must plead

to state a claim for relief," disregards the allegations "that are no more than

conclusions and thus not entitled to the assumption of truth," and determines

whether the remaining factual allegations "plausibly give rise to an entitlement to

relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other*

*grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must

"accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of

the complaint, the plaintiff may be entitled to relief." *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings,*

*Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts

contained in the complaint, the court may also consider "exhibits attached to the

complaint, matters of public record, as well as undisputedly authentic documents"
attached to a defendant's motion to dismiss if the plaintiff's claims are based upon
these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing
*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196
(3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and
held to a less stringent standard than formal pleadings drafted by attorneys.  *See
Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193
(3d Cir. 2015), as amended (Mar. 24, 2015).  Self-represented litigants are to be
granted leave to file a curative amended complaint even when a plaintiff does not
seek leave to amend, unless such an amendment would be inequitable or futile.
*See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir.
2014); *see also Phillips*, 515 F.3d at 245.  A complaint that sets forth facts which
affirmatively demonstrate that the plaintiff has no right to recover is properly
dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d
103, 106 (3d Cir. 2002).

## DISCUSSION

### A. Plaintiff's Motion to Amend the Complaint Will Be Denied.

The court received and docketed Plaintiff's motion to amend the complaint and brief in support on August 13, 2024.  (Docs. 49, 50.)  Local Rule 15.1 states, in pertinent part:

> When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion.

Local Rule 15.1.  Plaintiff failed to attach the required proposed amended pleading. Therefore, his motion will be denied.

### B.  Defendants' Partial Motion to Dismiss Will Be Granted.

Plaintiff's complaint raises claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Fourteenth Amendment against the previously identified five defendants.  (Doc. 8, pp. 3–4, 16–17.)  As relief, Plaintiff requests declaratory relief, injunctive relief, reimbursement of out-of-pocket expenses, and attorney fees (*Id*., pp. 16–17.)

Defendants are seeking the dismissal of all claims against Defendant Little because he is no longer the Acting Secretary of the DOC and all claims against Defendants Mason and Moore because their involvement in the grievance process does not amount to personal involvement.

### 1. Claims Against Defendant Little Will Be Dismissed.

Plaintiff has brought claims against Defendant Little in his official and individual capacity.  (Doc. 8, p. 13.)  Defendants argue that Defendant Little has retired and is the no longer a member of the executive staff at the DOC and cannot grant the relief requested.  (Doc. 25, p. 3.)

Defendants are correct that a claim for injunctive relief is moot where the official can no longer grant injunctive relief.  *Spomer v. Littleton*, 414 U.S. 514, 522 (1974).  To obtain prospective injunctive relief, a plaintiff must "show that he is likely to suffer future injury from the defendant's conduct."  *Richardson v. Bledsoe*, 829 F.3d 273, 278 (3d Cir. 2016) (citing *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 223 (3d Cir. 2012)).

However, the court notes that when a public officer who is sued in his official capacity and is no longer in the office while an action is pending, the officer's successor is automatically substituted as a party.  Fed. R. Civ. P. 25(d); *Richardson*, 829 F.3d at 290.  Defendant Little is retired, and Laurel Harry is the current Secretary of the DOC.  However, Defendant Little was not the acting Secretary of the DOC at the time the complaint was filed, and Laurel Harry is already named as a party to this action.  Therefore, under *Spomer*, the court will dismiss all the claims against Defendant Little because he cannot grant Plaintiff the declaratory or injunctive relief Plaintiff requests in the complaint.

### 2. Claims Against Defendants Mason and Moore Will Be Dismissed.

Defendants allege that all claims against Defendants Mason and Moore should be dismissed because they are premised solely on their involvement with the grievance process. (Doc. 25, p. 4.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct, and "cannot be predicated solely on the operation of *respondeat superior.*" *Evancho v. Fishser*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Additionally, "[p]articipation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement." *Rode,* 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *see*

8

*also Brooks v. Beard*, No. 05-3196, 2006 WL 332547, 167 F. App'x 923, 925 (3d Cir. Feb. 14, 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct).

In the complaint, Plaintiff alleges that he filed grievance No. 1019552, explaining that Defendant Little's memorandum transitioning feasts to fellowship meals violated "our" right to practice Islam.  (Doc. 8, p. 8.)  Plaintiff alleges that Defendant Scott responded to the grievance stating that the memorandum 'in no way violates your right to practice Islam."  (*Id.*, pp. 8–9.)  Plaintiff then alleges that he appealed the grievance denial to Defendant Mason, who upheld the denial stating that the memo was "providing equity among all faith groups."  (*Id.*, p. 10.)  Plaintiff also alleges that as Superintendent, Defendant Mason had approved Defendant Scott to permit Jewish and Christian inmates who observed Passover to make an outside Kosher purchase for their Passover Kosher Meal while the Muslims were not allowed to purchase halal from the outside for an Eid-ul-Fitr halal feast as had been allowed in the past.  (*Id.*, pp. 10–11.)

Plaintiff then alleges that he appealed Defendant Mason's response to the DOC's acting Chief Grievance Officer, Defendant Moore.  (*Id.*, p. 11.)  Plaintiff then alleges that Defendant Moore's "decision shows that she made no

independent fact finding, investigation, or fact checking.  She just rubber-stamped Defendant Scott's false and misleading initial response that "Imam Resli will give input on the best meal [that can] be served."  (*Id.*, pp. 11–12.)  In discussing the involvement of Defendants Mason and Moore, Plaintiff cites to the grievance responses he attached to the complaint.  (Docs. 8-7, 8-8.)

The factual allegations concerning Defendants Mason and Moore are limited to their involvement in the grievance review process and Defendant Mason allegedly approving the actions of Defendant Scott in allowing some religious groups to bring in food from outside the facility for their religious celebrations and not the Muslims.  (Doc. 8.)  The involvement in the grievance process is insufficient to be considered personal involvement under the 42 U.S.C. § 1983. *Rode,* 845 F.2d at 1208.  Additionally, Defendant Mason's role as Defendant Scott's supervisor alone does not make him personally involved in Defendant Scott's conduct under *Rode*.  Therefore, all claims against Defendants Mason and Moore will be dismissed.

CONCLUSION

For the above-stated reasons, the court will deny Plaintiff's motion to file an amended complaint and grant Defendant's motion to partially dismiss the complaint.  All claims against Defendant Little will be dismissed without prejudice, and all claims against Defendants Mason and Moore will be dismissed

without prejudice.  However, the Third Circuit has found that a self-represented

plaintiff may be granted leave to file an amended complaint even when he does not

seek leave to amend.  *Phillips*, 515 F.3d at 245.  Therefore, Plaintiff will be given

leave to file an amended complaint.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: September 23, 2024